UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAUREEN BROUGHTON MURRAH,

    Plaintiff,

v.                                                          CASE NO. 3:20-cv-58-J-32MCR

AMERICAN RECOVERY SYSTEMS, INC.,
KEYSTONE BEHAVIORAL PEDIATRICS,
LLC, and KATHERINE DALE FALWELL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant, Katherine Dale Falwell's Motion to Dismiss Count VII of the Amended Complaint ("Falwell's Motion") (Doc. 13), Plaintiff's Response in Opposition thereto (Doc. 15), Defendant, Keystone Behavioral Pediatrics, LLC's Motion to Dismiss Counts VI and VII of the Amended Complaint ("Keystone's Motion") (Doc. 14), and Plaintiff's Response in Opposition thereto (Doc. 16). For the reasons stated herein, the undersigned **RECOMMENDS** that Falwell's Motion and Keystone's Motion be **GRANTED** to the extent that Count VII of the Amended Complaint be **DISMISSED without**

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

**prejudice**, and that Keystone's Motion be **DENIED** as to Count VI of the Amended Complaint.

## I. Introduction

On January 23, 2020, Plaintiff, Maureen Broughton Murrah, commenced this action by filing a seven-count Complaint against Defendants, American Recovery Systems, Inc. ("ARS"), Keystone Behavioral Pediatrics, LLC ("Keystone"), and Katherine Dale Falwell ("Falwell"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72.   (Doc. 1.) On June 19, 2020, with defense counsel's written consent, Plaintiff filed an Amended Complaint against the same Defendants, alleging violations of the same federal and state laws as alleged in the original Complaint.   (Doc. 11.)

On July 6, 2020, Defendants, Keystone and Falwell,[2] filed their respective Motions, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, raising substantially the same arguments.   (Docs. 13 & 14.)   Defendant Falwell argues that Count VII of the Amended Complaint fails to state a claim upon which relief can be granted.   (Doc. 13.)   Defendant Keystone argues that both Counts VI and VII of the Amended Complaint fail to state a claim upon which relief can be granted.   (Doc. 14.)   On July 20, 2020, Plaintiff responded to both Motions.

---

[2] To date, Defendant ARS has not entered an appearance in this action because it has not been served with process.   (*See* Doc. 17.)

(*See* Docs. 15 & 16.)   On December 16, 2020, the Motions were referred to the undersigned for a report and recommendation regarding an appropriate resolution.   (Doc. 18.)

## II.   The Amended Complaint

The Amended Complaint alleges that Plaintiff's disabled sons, M.M. and K.M., "attended school and received behavioral services" from Keystone prior to its closure on July 26, 2019.   (Doc. 11 at ¶ 14.)   For such services, "Keystone received payment from Plaintiff's primary health insurance provider Florida Blue, her secondary insurance provider Florida Medicaid, and the remaining balance was waived as a hardship discount beginning January 1, 2017."   (*Id.* at ¶ 15.)   When Keystone asked Plaintiff on two occasions if she was willing to self-pay until Medicaid billing could be set up, Plaintiff responded that she could not self-pay and, instead, asked Keystone to hold off its services.   (*Id.* at ¶¶ 18, 21.)

Plaintiff alleges that as of July 26, 2019, she did not owe Keystone any amounts for its services to her minor children.   (*Id.* at ¶ 31.)   She also alleges that "there was no mention of [any] past due invoices or outstanding balances" for Keystone's services in any of its communications from 2016 to 2019.   (*Id.* at ¶ 33.)   However, on August 13, 2019, Plaintiff received a telephone call from a Keystone employee advising that there was a past due balance on her account in the amount of $22,0000, to which Plaintiff responded that there were no past due balances on her account.   (*Id.* at ¶ 34.)

3

Plaintiff further alleges that on or about November 5, 2019, Keystone and Falwell hired ARS to recover the alleged debt from Plaintiff and to report it as delinquent to the credit reporting agencies.  (*Id.* at ¶¶ 40-42.)  On December 7, 2019, ARS sent two collection letters to Plaintiff: one of the letters was for Keystone's services provided to M.M. in the amount of $9,599.72 (*i.e.*, "Alleged Debt 1"); and the other letter was for Keystone's services provided to K.M. in the amount of $14,059.10 (*i.e.*, "Alleged Debt 2") (collectively, "debts").  (*Id.* at ¶¶ 43-44.)  On December 10, 2019, ARS called Plaintiff in an attempt to collect the two debts, which Plaintiff disputed.  (*Id.* at ¶¶ 59-60.)  On December 19, 2019, Plaintiff received the two collection letters that were allegedly sent out by ARS on December 7, 2019.  (*Id.* at ¶ 61.)

On December 26, 2019, Plaintiff sent out her first dispute letter to ARS, disputing the two alleged debts in response to ARS's December 7, 2019 collection letters and December 10, 2019 phone call.  (*Id.* at ¶ 65.)  ARS received Plaintiff's dispute letter on December 27, 2019.  (*Id.* at ¶ 67.)  Upon information and belief, ARS reported the two alleged debts to TransUnion and Experian on December 30, 2019.  (*Id.* at ¶ 68.)  On January 4, 2020, Plaintiff was notified by the credit bureaus that her credit score was adversely affected by derogatory information pertaining to the alleged debts.  (*Id.* at ¶ 69.)  Plaintiff retained counsel and, on January 8, 2020, her counsel sent out a second dispute letter to ARS.  (*Id.* at ¶ 74.)  ARS responded to that letter on January 9, 2020.

(*Id.* at ¶ 75.)

Counts I through V of the Amended Complaint are asserted against ARS and are largely irrelevant to the present Motions. Count VI of the Amended Complaint is asserted against Keystone for alleged violations of the FCCPA, Fla. Stat. § 559.72(9). (Doc. 11 at 22-23.) Specifically, Count VI alleges that Keystone violated § 559.72(9) by asserting that Plaintiff owed the alleged debts when Keystone knew that Plaintiff did not owe the debts. (*Id.* at ¶ 102.)

Count VII of the Amended Complaint, alleging violations of the FCRA, 15 U.S.C. § 1681s-2, is asserted against both Keystone and Falwell (Doc. 11 at 23-28), "both individually and through a veil-piercing theory" (*id.* at ¶ 103). Specifically, Count VII alleges that Keystone and Falwell instructed their agent ARS to furnish TransUnion and Experian with information regarding the alleged debts; Keystone and Falwell are liable for the acts and omissions of their agent ARS; and Keystone and Falwell engaged in willful and negligent acts when they failed to report to the credit reporting agencies that the debts were disputed by Plaintiff, despite receiving Plaintiff's dispute notice. (*Id.* at ¶¶ 105-107, 109.) Plaintiff alleges that these violations were performed knowingly, intentionally, recklessly, and in willful disregard of the provisions of the FCRA; and were the direct and proximate cause of her damages. (*Id.* at ¶¶ 110-111.) Count VII also alleges that as a result of their negligent and/or willful failure to comply with the FCRA, Keystone and Falwell "have furnished adverse credit information

5

about the Plaintiff that is incorrect, inaccurate, misleading and/or false."  (*Id.* at ¶ 112; *see also id.* at ¶¶ 113-118.)

### III. Standard

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true."  *Id.* at 680.

In evaluating the sufficiency of a complaint, a court should make reasonable inferences in plaintiff's favor, but is "not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citation and quotation marks omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In determining whether to grant or deny a motion to dismiss, the Court must evaluate the complaint "on two dimensions." *Allmond v. Bank of Am.*, Case No. 3:07-cv-186-J-33JRK, 2008 WL 205320, at *3 (M.D. Fla. Jan. 23, 2008). First, the Court must assess whether all the necessary elements required for recovery are addressed in the complaint. *Id.* "Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation." *Id.* "This material can be either direct or inferential." *Id.* at *5. "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Nettles v. City of Leesburg–Police Dep't*, 415 F. App'x 116, 120 (11th Cir. 2010) (internal citations and quotation marks omitted).

Further, "the court may dismiss a complaint pursuant to Federal Rule of

7

Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." *Birmingham Fire Ins. Co. of Penn. v. Comcar Indus., Inc.*, 551 F. Supp. 2d 1340, 1341 (M.D. Fla. 2008) (citing *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

### IV. Discussion

#### A. Count VII

Defendants, Keystone and Falwell, argue that Count VII of the Amended Complaint should be dismissed because it is unclear what Plaintiff meant in paragraph 103 of the Amended Complaint where she alleges that "this claim [is] against Defendant Keystone and Defendant Falwell, both individually and through a veil-piercing theory." (Doc. 11 at ¶ 103; Doc. 13 at 2; Doc. 14 at 2.) Defendants explain that they "cannot parse the sentence in paragraph 103 to understand its meaning," as it is unclear whether Plaintiff seeks damages from Falwell individually and through a veil-piercing theory, or collectively along with Keystone.[3] (Doc. 13 at 2; Doc. 14 at 2.) Plaintiff responds that it is "evident"

---

[3] Falwell also points out that the allegations in paragraphs 37 through 39 of the

she seeks judgment against Falwell "individually" and "for Keystone's violation of the FCRA under a veil-piercing theory," and against Keystone "for its violation of [the] FCRA."  (Doc. 15 at 3; Doc. 16 at 4.)  The undersigned agrees with Defendants that the allegations in Count VII are confusing, warranting a dismissal of this count without prejudice.

Defendants also point out that "[p]iercing the veil of limited liability is an equitable doctrine that is not, by itself, a cause of action."  (Doc. 13 at 2; Doc. 14 at 3.)  Defendants add that "a plaintiff cannot attempt to pierce a corporation's veil unless the corporation itself is found liable and the judgment against the corporation is unsatisfied."  (Doc. 13 at 2-3; Doc. 14 at 3.)  Because Plaintiff has not obtained a judgment against Keystone, much less an unsatisfied judgment, Falwell argues that Count VII should be dismissed.  (Doc. 13 at 3.)  Further, according to Keystone, "[i]n order to hold Dr. Falwell liable for [her] alleged personal misconduct, Plaintiff needed to plead a substantive fraud count in [her] [Amended] [C]omplaint, which [she] did not."  (Doc. 14 at 3.)  Keystone adds that "[n]one of the elements of alter ego are presented, much less plead [sic] in the Amended Complaint."  (*Id.*)

---

Amended Complaint are based "[u]pon information and belief" concerning Keystone's insolvency and its absence of "actual employees" and "corporate assets."  (Doc. 13 at 2.)  Plaintiff concedes that "unwarranted deductions of fact made upon information and belief are not admitted as true for the purpose of testing the sufficiency of the allegations," but argues that even if paragraphs 37 through 39 were omitted and Plaintiff were unsuccessful at proving the veil-piercing allegations, Count VII would still state a claim against Keystone and Falwell individually.  (Doc. 15 at 3; Doc. 16 at 5.)

9

Plaintiff responds that her "intent to pierce the corporate veil of [Keystone] and to prove alter ego liability is well-timed." (Doc. 15 at 4; Doc. 16 at 4.) She adds that even if she cannot prove the veil-piercing allegations, she would still be entitled to a judgment on Count VII against Falwell and Keystone. (Doc. 15 at 4; Doc. 16 at 5.) Plaintiff asks that the Court deny Defendants' Motions or, alternatively, allow her to amend Counts VI and VII of the Amended Complaint. (Doc. 15 at 4-5; Doc. 16 at 5-6.)

As stated earlier, the undersigned recommends that Count VII be dismissed without prejudice because it is not clear what Plaintiff meant when she alleged in paragraph 103 of the Amended Complaint that "this claim [is] against Defendant Keystone and Defendant Falwell, both individually and through a veil-piercing theory." (Doc. 11 at ¶ 103.) If Plaintiff chooses to amend, she should clarify whether she intends to proceed against Defendants on a veil-piercing theory and/or individually. In either case, Plaintiff should review the applicable law to ensure that her allegations adequately state a claim on which relief may be granted. As Defendants point out, piercing the corporate veil is not an independent cause of action, but rather "a means of imposing liability on an underlying cause of action." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (internal quotations and citations omitted); *see also Turner Murphy Co. v. Specialty Constructors, Inc.*, 659 So.2d 1242, 1245 (Fla. Dist. Ct. App. 1995); *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 469 n.10 (D. Del. 2010). The

Court notes that the only case, which Plaintiff cites to support her position that her "intent to pierce the corporate veil of [Keystone] and to prove alter ego liability is well-timed" (Doc. 15 at 4; Doc. 16 at 4), actually indicates that Plaintiff's allegations would be inadequate to pierce the corporate veil of Keystone.  *See Salas v. Wellington Equine Assocs.*, No. 9:14-CV-81483, 2015 WL 1412099, *5-6 (S.D. Fla. Mar. 26, 2015) (dismissing without prejudice plaintiff's claims for piercing the corporate veil because plaintiff did not allege, *inter alia*, that corporate lines were blurred, corporate formalities were disregarded, entities were created for an improper purpose, or corporations were created strictly to mislead or defraud creditors).

Finally, although neither Keystone nor Falwell raised this issue in their Motions, it appears that Count VII is also subject to dismissal because there is no private right of action to redress alleged violations of 15 U.S.C. § 1681s-2(a). *See Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 & n.2 (11th Cir. 2008) (per curiam) (affirming the district court's holding that the FCRA does not provide a private right of action to redress violations of 15 U.S.C. § 1681s-2(a), which requires furnishers to submit accurate information to credit reporting agencies, because enforcement of this provision is limited to federal agencies, federal officials, and state officials) (citing 15 U.S.C. §§ 1681s-2(c), (d); 15 U.S.C. § 1681s(c)(1)(B)); *see also O'Loughlin v. Equifax, Inc.*, 115 F. Supp. 3d 1375, 1377 (S.D. Fla. 2015) ("Though § 1681s-2(a) and (b) both enumerate duties of a

11

furnisher, Congress has created a private cause of action only for violations of subsection (b)."). Also, while "[t]he FCRA does provide a private right of action for a violation of [15 U.S.C.] § 1681s-2(b) . . . if the furnisher received notice of the consumer's dispute from a consumer reporting agency," *Green*, 288 F. App'x at 642 & n.2, Count VII of the Amended Complaint does not allege a violation of 15 U.S.C. § 1681s-2(b), but only of 15 U.S.C. § 1681s-2(a) (*see* Doc. 11 at 23-28). Thus, the undersigned recommends that Count VII be dismissed without prejudice on this additional basis.

The Court notes that as part of her response to Defendants' present Motions, Plaintiff requested leave to amend her pleading. (Doc. 15 at 4-5; Doc. 16 at 5-6.) However, Plaintiff has not filed a proper motion seeking leave to amend in accordance with all applicable rules and law, including Local Rule 3.01(a) (requiring a memorandum of legal authority) and (g) (requiring conferral with opposing counsel), and has not included as an attachment the proposed second amended complaint. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."); *see also McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); *United States ex. rel. Atkins v. McInteer*, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Therefore,

Plaintiff's request for leave to amend, which was included as part of her response to the Motions, is improper.

### B. Count VI

Keystone argues that Count VI of the Amended Complaint should be dismissed because it fails to allege the factual predicate for Fla. Stat. § 559.72(9), namely, that Keystone "knew Alleged Debt 1 was not owed by the Plaintiff." (Doc. 14 at 2.) Keystone adds that "[t]he acts complained of by Plaintiff sound more in the breach of contract realm, than knowingly trying to collect a debt 'it knows not to be legitimate.'" (*Id.*)

Plaintiff responds that in paragraph 102, "the Amended Complaint alleges the ultimate facts showing that Keystone knew it was asserting debt amounts that were not owed by Plaintiff." (Doc. 16 at 3.) Plaintiff adds that "Count VI sounds in violation of the FCCPA, not breach of contract like Keystone inexplicably proposes." (*Id.*)

The undersigned agrees with Plaintiff that the Amended Complaint sufficiently alleges that Keystone knew the alleged debts were not owed by Plaintiff.[4] (*See* Doc. 11 at ¶ 102 (alleging that Keystone violated the FCCPA,

---

[4] Section 559.77 creates a private right of action for violations of section 559.72. *See* Fla. Stat. § 559.77(1); *Davis v. Sheridan Healthcare, Inc.*, 281 So.3d 1259, 1262 (Fla. Dist. Ct. App. 2019); *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1359 n.3 (M.D. Fla. 2007).

13

Fla. Stat. § 559.72(9),[5] by asserting that Plaintiff owed Alleged Debt 1 and Alleged Debt 2 when Keystone knew these debts were not owed by Plaintiff).) Keystone has not cited, and the Court is unaware of, any authority that requires a plaintiff to include allegations, which are already included in a specific count, in the general allegations sections that are re-alleged in the counts. Therefore, Keystone's Motion is due to be denied as to Count VI.

Accordingly, it is respectfully **RECOMMENDED**:

1. Falwell's Motion (**Doc. 13**) and Keystone's Motion (**Doc. 14**) be **GRANTED** as to Count VII;

2. Keystone's Motion (**Doc. 14**) be **DENIED** as to Count VI; and

3. Count VII be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville Florida, on January 25, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 559.72(9) of the Florida Statutes makes it unlawful, in collecting consumer debts, to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). "A claim under section 559.72(9) has three elements: an illegitimate debt, a threat or attempt to enforce that debt, and knowledge that the debt is illegitimate." *Davis*, 281 So.3d at 1264.

14

Copies to:

The Hon. Timothy J. Corrigan
United States District Judge

Counsel of Record